BENSON v. WAYNE CIRCUIT JUDGE.

1. Justices of Peace—Appeal—Defective Return—Amended Return—Dismissal of Appeal—Abuse of Discretion.

    Where, on appeal from justice's court, justice failed to return any pleadings, as required by 3 Comp. Laws 1929, § 16233, and, although appellant knew of said omission, he failed to procure amended return under sections 16236, 16237, there was no abuse of discretion in refusing permission to file pleadings four days before case was to be heard, and dismissing appeal.

2. Mandamus—Dismissal of Appeal—Delay.

    Mandamus will not issue to compel circuit court to set aside order dismissing appeal from justice's court because of justice's defective return, where petition for mandamus was not filed until eight months after appeal had been dismissed, and hearing thereon was not brought on until two years after order to show cause was issued.

Mandamus by Edward H. Benson to compel DeWitt H. Merriam, Wayne circuit judge, to vacate an order dismissing appeal from justice's court. Submitted October 20, 1931. (Calendar No. 34,685.) Writ denied January 4, 1932.

*Henry R. MacGillis,* for plaintiff.

*Frank P. Darin* (*Harold Goodman,* of counsel), for defendant.

FEAD, J.  In his return on appeal to circuit court, a justice of the peace failed to state or return any pleadings, oral or written, as required by 3 Comp. Laws 1929, § 16233.  Plaintiff here, appellant there, knew at once of the omission, took no steps to procure an amended return under 3 Comp. Laws 1929, §§ 16236, 16237, but a month later, four days before the case was to be heard, moved the circuit court to permit pleadings to be filed.  There was a dispute whether there had been any pleadings in justice's court.  On motion of the appellee, the court entered judgment dismissing the appeal for want of a proper return.  Eight months later, plaintiff filed petition for writ of mandamus to compel the court to set aside the judgment.  The order to show cause was issued two years ago and is now brought on for hearing.

Plaintiff neglected to invoke the clear and definite remedy provided by statute by way of amended return.  He has not been diligent in pursuing his action.  There was no abuse of discretion, and no outstanding considerations of justice require issue of the discretionary writ of mandamus.

Writ denied, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.